IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CODY ALLEN BRUNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 21-CV-0562-GKF-CDL |
| | ) | |
| STEVEN HARPE,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Petitioner Cody Allen Bruner, a self-represented Oklahoma prisoner,[2] brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the criminal judgment entered against him in the District Court of Tulsa County, Case No. CF-2010-2636. Respondent Steven Harpe urges the Court to dismiss Bruner's Amended Petition (Dkt. 5), alleging that Bruner's claims are barred by the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1). Dkt. 8. For the following reasons, the Court finds and concludes that the claims in the Amended Petition are barred by the statute of limitations and that the Amended Petition shall be dismissed.

## BACKGROUND

In 2010, Bruner pleaded no contest to one count of robbery with a weapon. Dkt. 8-1, at 2, 5; Dkt. 8-4, at 1.[3] The trial court sentenced Bruner to a term of twenty years, with the first sixteen

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes the current director of the Oklahoma Department of Corrections ("ODOC"), Steven Harpe, in place of the ODOC's former director, Scott Crow, as party respondent. The Clerk of Court shall note on the record this substitution.

[2] Because Bruner appears without counsel, the Court liberally construes his pleadings, but the Court does not act as his advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] For consistency, the Court's citations refer to the CM/ECF header pagination.

years to be served in ODOC custody and the last four years to be served through supervised probation. Dkt. 8-1, at 5. Bruner did not move to withdraw his plea within ten days of sentencing, a precondition to seeking direct review of his judgment through a certiorari appeal with the Oklahoma Court of Criminal Appeals ("OCCA"). *Id.* at 5-8; Dkt. 8-7, at 1; *see Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012) (discussing appeal process in Oklahoma for defendants who plead guilty and noting that defendant must move to withdraw guilty plea within ten days if defendant intends to appeal). Bruner applied for judicial review of his sentence in 2015, and the state district court promptly denied the application. Dkt. 8-1, at 8; Dkts. 2, 3.

Five years later, the Supreme Court of the United States held that Congress never disestablished the Muscogee (Creek) Nation Reservation; that the land within that reservation is Indian country, as defined in 18 U.S.C. § 1151; and that the federal government therefore has exclusive jurisdiction to prosecute Indians for certain crimes committed within that reservation, as provided in the Major Crimes Act, 18 U.S.C. § 1153(a) ("MCA"). *McGirt v. Oklahoma*, 594 U.S. 891, 913, 932-34 (2020). Within two months of the *McGirt* decision, Bruner applied for postconviction relief in state district court, claiming that the State of Oklahoma lacked jurisdiction to prosecute him because he is Indian, and he committed robbery within the boundaries of the Muscogee (Creek) Nation Reservation. Dkt. 8-4. Bruner also claimed his plea counsel provided constitutionally deficient representation by failing to raise the Indian country jurisdiction claim. *Id.* The state district court promptly denied the application. Dkt. 8-5. Bruner appealed, and the OCCA remanded the case for an evidentiary hearing, with instructions for the state district court to make findings of fact and conclusions of law. Dkt. 8-7. Following the evidentiary hearing, the state district court found that Bruner is Indian and that he committed robbery within the boundaries of the Muscogee (Creek) Nation Reservation. Dkts. 8-8, 8-9. The OCCA nonetheless affirmed

the denial of Bruner's application for postconviction relief based on its decision, in *State ex rel. Matloff v. Wallace*, 497 P.3d 686, 688-89 (Okla. Crim. App. 2021) ("*Wallace*"), that *McGirt* does not apply retroactively to invalidate a judgment that was final before *McGirt* was decided. Dkt. 8-12.

With the benefit of the prison mail box rule, Bruner commenced this federal habeas action on December 21, 2021. Dkt. 1, at 17; *see* Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts* (establishing that inmate filings are deemed filed when delivered to prison officials using the prison's legal mail system). With leave of Court, Bruner filed an Amended Petition in February 2022. Dkts. 4, 5. Bruner claims he is in state custody in violation of his constitutional right to due process because he is Indian, and the State did not have jurisdiction to prosecute him for robbery in Indian country, a crime that is subject to federal prosecution under the MCA. Dkt. 5, at 5-9. He also claims his plea counsel provided constitutionally deficient representation, in violation of the Sixth Amendment, by failing to recognize and raise the Indian country jurisdiction claim. *Id.* at 10. Respondent contends the statute of limitations bars relief and urges the Court to dismiss the Amended Petition. Dkt. 8. Bruner opposes dismissal, arguing that the Court should find, for several reasons, that he timely filed the Amended Petition. Dkt. 11.

### *DISCUSSION*

State prisoners seeking federal habeas relief under 28 U.S.C. § 2254 have one year from the latest of four events to file a petition. 28 U.S.C. § 2244(d)(1). These events include:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized

>by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  For most prisoners the one-year limitations period runs from the date the judgment became "final" under § 2244(d)(1)(A).  *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).  And the prisoner bears the burden of showing a different provision applies.  *Id.*

    A.    **The Applicable Limitations Period**

Bruner contends, for three reasons, that the one-year statute of limitations does not bar relief.  First, he invokes § 2244(d)(1)(B) and contends that his limitations period commenced on July 9, 2020, when *McGirt* was decided, because "[t]he State's impediment of Federal law 18 U.S.C. § 115[1](a) was lifted by the Supreme Court in *McGirt*."  Dkt. 5, at 16; Dkt. 11, at 4.  Second, he contends § 2244(d)(1)(D) applies and that that his limitations period commenced "around the first of August 2020" because, within one month of the *McGirt* decision, he used "due diligence" to obtain proof of his Indian status, thus qualifying for the "new evidence discovered exception."  Dkt. 11, at 2.  Third, he contends that § 2244(d)(1)'s one-year statute of limitations does not apply at all "when, as here, a state court denies a defendant's challenge to the state courts subject matter jurisdiction" because claims challenging subject matter jurisdiction cannot be waived and can be raised for the first time in collateral proceedings.  *Id.* at 5-6.

As Respondent argues, all three contentions lack merit.  First, *McGirt* did not remove any state-created impediment of the kind contemplated in § 2244(d)(1)(B).  That subsection provides that the limitations period begins to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."  28 U.S.C. §

2244(d)(1)(B). Before *McGirt*, no state-created impediment prevented any Oklahoma prisoner, including Bruner, from filing a federal habeas petition to assert a claim that the State improperly exercised criminal jurisdiction in Indian country. *See Owens v. Whitten*, 637 F. Supp. 3d 1245, 1253 (N.D. Okla. 2022) (rejecting petitioner's assertions that "Oklahoma's pre-*McGirt* misunderstanding of the jurisdictional landscape in Oklahoma impeded 'the rights of the masses'" and that *McGirt* removed that impediment thereby providing a new start date for the limitations period under § 2244(d)(1)(B)); *Donahue v. Harding*, No. CIV-21-183-PRW, 2021 WL 4714662, at *4 (W.D. Okla. Sept. 15, 2021) (unpublished),[4] *report and recommendation adopted*, No. CIV-21-00183-PRW, 2021 WL 4711680 (W.D. Okla. Oct. 8, 2021) (citing pre-*McGirt* cases alleging Indian country jurisdiction claims and reasoning that a habeas petitioner could not rely on § 2244(d)(1)(B) because "Oklahoma's pre-*McGirt* interpretation of what 'Indian Country' means did not necessarily prevent Petitioner from obtaining timely habeas relief"). Second, even accepting as true that Bruner did not obtain proof of his "Indian status" until August 2020 and that he diligently pursued his Indian country jurisdiction claim after discovering that evidence, that does not mean that § 2244(d)(1)(D) provides the commencement date for his limitations period. Under this subsection, the limitations period "begins on the date that a reasonably diligent petitioner could have discovered the factual basis of his or her claims," not on the date that a particular petitioner discovered the factual basis of his or her claims. *Owens*, 637 F. Supp. 3d at 1252; *see Madrid v. Wilson*, 590 F. App'x 773, 776 (10th Cir. 2014) (unpublished) (explaining that § 2244(d)(1)(D)'s reasonable-diligence requirement is "an 'objective standard' that refers to when a plaintiff 'could have' discovered the pertinent facts, not when she [or he] actually

---

[4] The Court cites this unpublished decision, and other unpublished decisions herein, as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

discovered them" (quoting *United States v. Denny*, 694 F.3d 1185, 1189 (10th Cir. 2012))). Moreover, case law in this circuit "make[s] clear" that "the one-year limitations period set out in § 2244(d)(1)(A), rather than the ones set out in § 2244(d)(1)(C) and/or (D), applies to *McGirt*-based challenges to the validity of state convictions." *Owens v. Whitten*, No. 22-5106, 2022 WL 17972141, at *1 (10th Cir. Dec. 28, 2022) (unpublished); *see also Thompson v. Whitten*, No. 22-5067, 2023 WL 1463236, at *2 (10th Cir. Feb. 2, 2023) (unpublished) (rejecting petitioner's argument that "the OCCA's August 2021 ruling in [*Wallace*] that *McGirt* has no retroactive effect, created a new 'factual predicate' under § 2244(d)(1)(D) because the OCCA relied on it to dispose of his request for state postconviction relief"); *Pacheco v. Habti*, 62 F.4th 1233, 1246 (10th Cir. 2023) (rejecting petitioner's argument that *McGirt* announced a new constitutional right that would support application of § 2244(d)(1)(C) to calculate petitioner's limitations period). Third, a claim alleging an absence of jurisdiction in the convicting court is not exempt from § 2244(d)(1)'s one-year statute of limitations. *See Pacheco*, 62 F.4th at 1245 (10th Cir. 2023) ("When Congress enacted the limitations period . . . it discerned no reason to provide a blanket exception for jurisdictional claims."); *Owens*, 637 F. Supp. 3d at 1251 ("[L]ike any other cognizable habeas claim, a claim alleging an absence of jurisdiction in the convicting court is subject to the AEDPA's one-year statute of limitations and may be dismissed as untimely.").[5]

Based on the foregoing, the Court considers only whether the petition is timely under § 2244(d)(1)(A). Applying that provision, Bruner's conviction became final on December 23, 2010, when the time expired for him to move to withdraw his plea, the first and necessary step to

---

[5] Bruner also asserts an undeveloped argument that "since the State has no jurisdiction over [him]" he "is innocent of the crime charged in state court." Dkt. 11, at 6. To the extent Bruner invokes *Perkins*'s actual-innocence exception to excuse his untimely filing, that exception does not apply. *Pacheco*, 62 F.4th at 1241-43.

seek direct review of that judgment. *Clayton*, 700 F.3d at 441. His one-year limitations period began to run the next day, December 24, 2010, and, absent any tolling events, expired one year later, December 27, 2011. *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011); Fed. R. Civ. P. 6(a)(1)(C). Absent statutory or equitable tolling, Bruner's claims are time-barred.

### B. Statutory and Equitable Tolling

Under 28 U.S.C. § 2244(d)(2), the one-year limitation period is tolled, or suspended, for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." But statutory tolling is available only when a petitioner properly files an application within the applicable one-year limitations period. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). As just discussed, Bruner's limitations period commenced on December 23, 2010, and expired on December 27, 2011. Bruner's motion for judicial review, filed in 2015, and his application for postconviction relief, filed in 2020, did not toll the limitations period because Bruner filed both after his limitations period expired. The Court therefore finds that statutory tolling did not extend Bruner's limitations period beyond December 27, 2011.

The Court further finds that Bruner has not demonstrated any circumstances that would support a ten-year extension of his limitations period through equitable tolling. To obtain equitable tolling, Bruner must show that he "diligently pursue[d] his claims and . . . that the failure to timely file [a federal habeas petition] was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). And he bears "a strong burden to show specific facts" to support his request for equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). The Court discerns one argument for equitable tolling; it is not persuasive. Bruner argues that prison law

library inadequacies barred him from accessing treaties, "Acts of Congress," and "a copy of the AEDPA," to "see if in fact the Creek Nation had been disestablished" thus preventing him from "put[ting] together a jurisdictional claim" until *McGirt* was decided. Dkt. 11, at 4. To the extent Bruner suggests that his incarceration status and his lack of legal knowledge are extraordinary circumstances beyond his control, that suggestion lacks merit because "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh*, 223 F.3d at 1220 (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999)). Moreover, to the extent Bruner's assertions could be liberally construed as suggesting that *McGirt* created an extraordinary circumstance warranting equitable tolling for petitioners raising *McGirt*-related claims, this court has previously rejected that argument. *See, e.g.*, *Rowbotham v. Nunn*, Case No. 22-CV-0011-JFH-SH, 2022 WL 1523195, at *3 (N.D. Okla. May 13, 2022) (unpublished) ("Even accepting that *McGirt* significantly altered the understanding of the allocation of criminal jurisdiction in Oklahoma, applying equitable tolling in this situation would effectively turn the doctrine of equitable tolling into a judicially-created equitable exception to § 2244(d)(1)'s one-year statute of limitations for all Oklahoma prisoners who were purportedly tried by a state court that lacked criminal jurisdiction. This would be contrary to the well-established principle that 'equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.'" (footnote omitted) (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007))). Because Bruner has not made the showings necessary to obtain equitable tolling, the Court declines to toll the limitations period for equitable reasons.

## *CONCLUSION*

Based on the foregoing, the Court concludes that the applicable statute of limitations bars Bruner's request for federal habeas relief. The Court therefore dismisses with prejudice the

Amended Petition.  And because the statute of limitations presents a plain procedural bar, the Court declines to issue a certificate of appealability.  28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that the Amended Petition (Dkt. 5) is **dismissed** with prejudice as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations; a certificate of appealability is **denied**; and a separate judgment shall be entered in this matter.

**IT IS FURTHER ORDERED** that the Clerk of Court shall note on the record the substitution of Steven Harpe in place of Scott Crow as party respondent.

**DATED** this 22nd day of November 2024.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE